UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ANDREW BLOUNT, | Case No. SA CV 02-520-GLT (ANx) |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CONTINUING DEFENDANTS' MOTIONS FOR SUMMARY ADJUDICATION |
| COSTAR REALTY INFORMATION, INC., et al., | |
| Defendants. | |

Defendants' motion for summary judgment is DENIED. Defendants' motions for summary adjudication are CONTINUED.

I.   BACKGROUND

Plaintiff Blount worked for Defendant Costar Realty Information Inc.,[1] developing database software to manage commercial real estate information. After Plaintiff's employment terminated, he started a competing company, RealHound.com, to develop and distribute similarly types of software.

---

[1] Plaintiff originally worked for COMPS Infosystems, Inc., which was later acquired by Costar. Defendant Andrew Florance is the President and CEO of Costar.

S:\GLT\LC2\CIVIL\2002\02-0520-SJ.wpd

Defendants sued Plaintiff in the California Superior Court, claiming a non-compete clause in their contract barred Plaintiff from competing against Costar. During discovery and a contempt proceeding in connection with the state court action, Plaintiff learned of alleged torts against him: Defendants and/or their agents allegedly told Plaintiff's customer Plaintiff was a felon, was legally prohibited from writing commercial real estate software, and had sabotaged Costar's computer system.

Plaintiff brought the current suit against Defendants in state court, alleging defamation, intentional interference with prospective economic advantage, and unfair competition. Defendants removed the case to the federal court. In July 2003, the parties stipulated to extend the discovery period and to the following deposition dates: Plaintiff on July 31, 2003; Defendant Florance and Defendant Costar's representative on August 28, 2003; and Michael Klein, Costar's co-founder, on August 29, 2003.

Defendants bring a motion for summary judgment on standing and res judicata grounds. In the alternative, Defendants seek summary adjudication of each of Plaintiff's claims.[2] Plaintiff requests a continuance of the motions until after the completion of discovery.

## II. DISCUSSION

Summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if it "might

---

[2] Defendants' motion for summary adjudication of the intentional interference and unfair competition claims is set for August 4, 2003. Defendants' motion for summary adjudication of the defamation claim is set for August 11, 2003.

affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id</u>. The moving party in a summary judgment motion bears the initial burden of proving the absence of a genuine issue of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). If the moving party makes this initial showing, the burden shifts to the nonmoving party to designate specific facts showing that there is a genuine issue for trial. <u>Id.</u> at 324.

In making a summary judgment determination, the Court must view the evidence presented in the light most favorable to the non-moving party, drawing "all justifiable inferences ... in his favor." <u>Anderson</u>, 477 U.S. at 255. If the non-moving party fails to present a genuine issue of material fact, the Court must grant summary judgment. <u>Celotex</u>, 477 U.S. at 322-23.

A.  <u>Motion for Summary Judgment</u>

1.  <u>Standing</u>

Article III standing consists of three elements: injury in fact, causation, and redressability. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-561 (1992). Defendants contend Plaintiff lacks standing because Plaintiff cannot show his company, RealHound.com, sustained any injury, and because the Court cannot redress the harm to RealHound.com by compensating Plaintiff. Defendants also contend Plaintiff cannot assert the rights of RealHound.com, a third party, because Plaintiff had sold the company.

Plaintiff's claims allege Defendants' defamatory statements harmed Plaintiff's personal and professional reputation, and involve concrete and actual injuries to Plaintiff's legally protected interest in his

reputation. Plaintiff is asserting his own rights, not those of RealHound.com. Plaintiff has standing to bring suit.

### 2. Res Judicata

An action may be barred by res judicata where an earlier lawsuit (1) involved the same claim sued upon in the present action; (2) involved the same parties or persons in privity of interest with them; and (3) resulted in a final judgment on the merits. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993). A defendant relying on res judicata as a defense must plead it as an affirmative defense. FED. R. CIV. P. 8(c). Blonder-Tongue Laboratories, Inc. v. University of Ill. Found, 402 U.S. 313, 350 (1971).

Defendants did not plead res judicata as an affirmative defense in their answer. Defendants also fail to show Plaintiff's current case involves the same claims as the state court action. Defendants' evidence shows Plaintiff's state court counterclaim included allegations of intentional interference, unfair competition, and defamation. Plaintiff's state court counterclaim, however, was based on Defendants' alleged statements to a different group of people, during a different time period, involving a different business transaction. Defendants also contend the factual basis for Plaintiff's current claims was discussed during the contempt proceedings in the state court, but do not provide evidence to show these claims were litigated or a final judgment was reached as to these claims. Res judicata does not bar this suit.[3]

---

[3] Plaintiff's claim could be barred as a compulsory counterclaim not asserted in the state action, Pochiro v. Prudential Insurance Co., 827 F.2d 1246 (9th Cir. 1987) (similar facts), if the claim had matured when the answer was served in the state action, Fed. Rule of Civil Procedure 13(a); Young v.
(continued...)

1  Defendants' motion for summary judgment is DENIED.

2  B.  **Motion for Summary Adjudication**

3  Defendants bring two separate motions for summary adjudication of Plaintiff's three claims.

All three of Plaintiff's claims depend on the alleged statements made by Defendants and/or their agents. The defamation claim alleges the statements were false, made with malice, and harmed Plaintiff's reputation. The intentional interference claim alleges the allegedly defamatory remarks harmed Plaintiff's relationship with potential customers. The unfair competition claim alleges Defendants defamed Plaintiff for the purpose of eliminating business competition.

Defendants contend their statements were not defamatory. Defendants also contend their statements were made without malice and subject to the common interest privilege. See Cal. Civ. Code §47(3). Defendants further contend their statements were related to litigation and thus subject to the litigation privilege. See Cal. Civ. Code §47(2). Defendants contend their statements are either non-defamatory or privileged, and Plaintiff does not have evidence to the contrary.

Plaintiff requests a Rule 56(f) continuance of both of Defendants' motions for summary adjudication. A party seeking further discovery under Rule 56(f) must proffer sufficient facts to show the evidence sought exists, and it would prevent summary judgment. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996).

Plaintiff presents evidence, including testimony from the contempt hearing in the state court action, showing Defendant Florance had made

---

[3]/(...continued)
City of New Orleans, 751 F.2d 794, 800-801 (5th Cir. 1985); Schwarzer, California Practice Guide, Federal Civil Procedure Before Trial, §8: 272-273.

some disparaging statements about Plaintiff to third parties. Plaintiff also provides evidence showing Klein, Defendant Costar's co-founder, may have made similar remarks about Plaintiff. Plaintiff requests a continuance of the summary adjudication motions until after he has deposed Florance, Klein, and Costar's representative in late August 2003, on dates stipulated to by the parties. Plaintiff claims these depositions will produce evidence of the precise statements made, the statements' defamatory nature, the speakers' intent or malice in making such statements, and the context in which such statements were made. Plaintiff contends such evidence will raise triable issues of fact and prevent summary adjudication of his claims.

Plaintiff has made the necessary showing to support a Rule 56(f) continuance. Defendants' motions for summary adjudication are CONTINUED to September 22, 2003.

### III. DISPOSITION

Defendants' motion for summary judgment is DENIED. Defendants' motions for summary adjudication, currently set for August 4 and August 11, are CONTINUED to September 22, 2003.

Plaintiff may file and serve on Defendants, by fax or personal service, a consolidated supplemental opposition brief addressing all three claims by September 8, 2003. Defendants may file and serve on Plaintiff, by fax or personal service, a consolidated supplemental reply brief addressing all three claims by September 15, 2003.

DATED: August __, 2003

GARY L. TAYLOR
UNITED STATES DISTRICT JUDGE